UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TEAMSTERS LOCAL 331, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 06-6156 |
| v. | : | |
| PHILADELPHIA COCA-COLA BOTTLING CO. | : | Memorandum Order |
| Defendants. | : | |

This matter comes before the Court upon the motion of Defendant Philadelphia Coca-Cola Bottling Company (hereinafter "Coca-Cola" or "Defendant") seeking to dismiss the complaint of Plaintiff Teamsters Local 331 (hereinafter "Teamsters" or "Plaintiff") pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a complaint on behalf of its constituent, John King, III, who was employed as a full service driver for Coca-Cola. The complaint seeks enforcement of an arbitration award pursuant to Section 301 of the Labor-Management Relations Act of 1947 (hereinafter the "Taft-Hartley Act"), 29 U.S.C.A. § 185. Defendant argues that subject mater jurisdiction is lacking in this case in light of the Supreme Court's decision in Circuit City Stores v. Adams, 532 U.S. 105 (2001), which held that the Federal Arbitration Act, 9 U.S.C 1, et. seq., excludes coverage for transportation workers. The Court finds that Defendant's reliance on Circuit City Stores v. Adams, is misplaced as jurisdiction in this case is conferred by the Taft-Hartley Act and, therefore, denies Defendant's motion to dismiss.

### I. Procedural History and Background Facts

Teamsters member John King, III, a full service driver, was terminated on October 31,

1

2006 following a medical exam, conducted by Coca-Cola's doctors, which concluded that Mr. King was unable to perform his duties due to a work-related injury. (Compl. at ¶3) Pursuant to the collective bargaining agreement, Teamsters filed a grievance on Mr. King's behalf and the matter was arbitrated. (Compl. at ¶¶4-6)  Following the issuance of an award for reinstatement and back pay on July 1, 2005, Coca-Cola refused to comply with the award, citing the need for Mr. King to be medically evaluated before returning to work. (Compl. at ¶8) Consequently, the arbitrator ordered Mr. King to submit to a medical examination.  The Teamsters' doctor and Coca-Cola's doctor came to opposing conclusions on the issue of Mr. King's physical ability to do his job, causing the arbitrator to order an independent medical examination. (Id.)   This evaluation concluded that Mr. King was qualified to do his former job, but not the "newly assigned" tasks described in the job task analysis. ( Id.)

After a hearing on June 21, 2006, the arbitrator re-opened the record and issued an additional award, finding that the job tasks were invalid and that Mr. King be reinstated to his former position. (Id. at ¶¶ 9-10)  Teamsters contends that Coca-Cola has refused to comply with the Award, necessitating the Complaint filed with this Court. Coca-Cola submits in its Reply Brief that Mr. King has been reinstated and offered ninety days of back pay which has not yet been tendered because Teamsters disputes the amount. (Def. Reply at 1)

**II. Standard**

"It is a principle of first importance that federal courts are courts of limited jurisdiction." 13 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3522 (2d ed. 1984).  Accordingly, federal courts are duty-bound to ensure that they have jurisdiction over the matters before them.  The instant motion was filed as one to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

A motion challenging a federal court's subject matter jurisdiction pursuant to Fed. R.

Civ. P. 12(b)(1) differs from a challenge made pursuant to Fed. R. Civ. P. 12(b)(6) in that it does not afford a plaintiff the benefit of all of the same procedural safeguards. Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997); Cohen v. Kurtzman, 45 F. Supp. 2d 423, 428 (D.N.J. 1999). Instead, Fed. R. Civ. P. 12(b)(1) attacks the right of a plaintiff to even be heard in federal court. Id. As such, a court cannot dismiss a claim under 12(b)(6) without first assuming subject matter jurisdiction; thus, a claim can be dismissed for lack of subject matter jurisdiction or failure to state a claim, but not both. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) (holding court must assume jurisdiction over a case before deciding legal issues on the merits); see also Spencer v. Casavilla, 903 F.2d 171, 173 (2d Cir. 1990) (holding "even if court believes that it would dismiss the complaint in response to a motion under [12(b)(6)], that is not reason to dismiss for lack of jurisdiction").

Dismissal is proper under Rule 12(b)(1) only when the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." Kehr, 926 F.2d at 1408-09 (citing Bell v. Hood, 327 U.S. 678, 682 (1946)). A claim is insubstantial only if "'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.'" Hagans v. Lavine, 415 U.S. 528, 538 (1973) (citing Ex parte Poresky, 290 U.S. 30, 32 (1933)). Under a 12(b)(1) motion, unlike a 12(b)(6) motion, the plaintiff bears the burden of persuasion. Kehr, 926 F.2d at 1409. Here, the facts are not in dispute. The question to be decided is whether the exclusion in Section 1 of the FAA deprives the Court of jurisdiction in this action filed under the Taft-Hartley Act.

### III. Analysis

The Taft-Hartley Act confers this Court with jurisdiction in this case and the exclusion

3

contained in the Federal Arbitration Act does not impact this finding. Section 1 of The Federal Arbitration Act 9 U.S.C 1, <u>et. seq.</u> provides:

> **§ 1. "Maritime transactions" and "commerce" defined; exceptions to operation of title**
>
> "Maritime transactions", as herein defined, means charter parties, bills of lading of water carriers, agreements relating to wharfage, supplies furnished vessels or repairs to vessels, collisions, or any other matters in foreign commerce which, if the subject of controversy, would be embraced within admiralty jurisdiction; "commerce", as herein defined, means commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation, **but nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce**.

(emphasis added)   The Taft Hartly Act, §301 Labor Management Relations Act, 1947, 29 U.S.C.A. §185, provides in relevant part:

> (a) Venue, amount, and citizenship
> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
>
> (b) Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

Facially, the FAA and the Taft-Hartley Act are similar, as they both govern review and

enforcement of arbitration awards. Indeed, the "the body of law developed under Section 301 will at times draw upon provisions of the FAA, but by way of guidance alone." Coca-Cola Bottling Co. of N.Y., Inc. v. Soft Drink and Brewery Workers Union Local 812, Int'l. Broth. of Teamsters, 242 F.3d 52, 54-55 (2001)(citing United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 41 n. 9, 108 S.Ct. 364 (1987)). One fundamental difference between the acts is that in addition to being a source of substantive federal law, the Taft-Hartley Act also confers federal question jurisdiction. Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 451-57, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957)(In suits filed under Section 301(a), the Court held that federal law applies, "which the courts must fashion from the policy of our national labor laws."). Conversely, while the FAA gives federal courts authority to compel arbitration, it does not statutorily confer federal jurisdiction. Paine Webber v. Faragalli, 61 F.3d 1063, 1067 (3d Cir. 1995)("The FAA is 'something of an anomaly in the field of federal court jurisdiction,' Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942 n. 32, 74 L.Ed.2d 765 (1983), in that it gives federal courts the authority to compel arbitration, but does not in itself confer independent federal question jurisdiction.") Attempts by courts to construe the relationship between the statutes has resulted in "anomalous or even bizarre results." See Coca-Cola Bottling Co. of N.Y., Inc. 242 F.3d at 55.

The Supreme Court in the Steelworkers' trilogy, United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960); and United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960) reaffirmed that arbitration was the preferred method for labor disputes. Circuit City Stores held that contracts of employment were subject to the FAA except for individual contracts of transportation workers. As

recognized by several circuit courts, Circuit City Stores did not address collective bargaining agreements or the implication of the Taft-Hartley Act.¹ Implicitly, the holding in Circuit City Stores may be that the FAA applies to collective bargaining. Yet, since Circuit City Stores, many circuits, see, supra., n.1, have held that the FAA does not apply to collective bargaining agreements. In this circuit, however, the FAA applies to collective bargaining agreements. Tenney Engineering, Inc. v. United Electrical Radio & Machine Workers of America, Local 437, 207 F.2d 450 (3d Cir. 1953).

In Tenney, the Third Circuit reviewed the district court's denial of a stay in an action involving a collective bargaining agreement filed under the Taft-Hartley Act. The district

---

[1] International Assoc. of Machinists and Aerospace Workers local Lodge 2121 v. Goodrich Corp., 420 F.3d 204, n.2 (5th Cir. 2005) where the Court stated:
> Nevertheless, most courts, both before and after Circuit City, adhere to the traditional view that suits arising under Section 301 and concerning collective bargaining agreements are outside the scope of the FAA. See, e.g., Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 380 F.3d 1084, 1097 (8th Cir.2004) (stating that nothing in Circuit City undermines the Supreme Court's holding in Textile Workers v. Lincoln Mills of Ala., 353 U.S. 448, 451-452, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), that " § 301 provides an independent basis for federal jurisdiction to enforce labor arbitration [.]"); Coca-Cola Bottling Co. of New York, Inc. v. Soft Drink and Brewery Workers Union Local 812, Int'l Bhd. of Teamsters, 242 F.3d 52, 53 (2d Cir.2001) ("We hold that in cases brought under Section 301 ... the FAA does not apply."); Int'l Chem. Workers Union v. Columbian Chemicals Co., 331 F.3d 491, 494 (5th Cir.2003) (citing, inter alia, Coca-Coca Bottling Co. and stating that the "district court appropriately relied only on [Section 301, as opposed to the FAA] when it confirmed the arbitration award because this case involves arbitration under a CBA."); but see Briggs & Stratton Corp. v. Local 232, Int'l Union, Allied Indus. Workers of America, AFL-CIO, 36 F.3d 712, 715 (7th Cir.1994) ("As it happens, our circuit is among the minority that has limited § 1 [of the FAA] to the transportation industries and therefore applies the Arbitration Act to most collective bargaining agreements.") (citing Pietro Scalzitti Co. International Union of Operating Engineers, Local No. 150, 351 F.2d 576, 579-580 (7th Cir.1965)).

court denied the stay under Section 3 of the FAA because plaintiff fell within the exclusion contained in Section 1. Id.  On review, the circuit court explained that if the worker was excluded from coverage under the FAA pursuant to Section 1, then Section 3 did not apply and the district court was correct in denying the stay. Id. at 451-52. Thus, the issue presented in Tenney was whether the plaintiff was within a "class of workers engaged in foreign or interstate commerce' within the meaning of the exclusionary clause". Id.  If plaintiff was excluded from coverage pursuant Section 1 of the Act, the FAA did not apply; no impact as to the jurisdiction conferred by the Taft-Hartley Act was ever discussed.  The court, finding that plaintiff was not subject to the Section 1 exemption of the FAA, held that Section 3 of the FAA was applicable and remanded for further proceedings. Id. at 454.  Thus, in this Circuit, collective bargaining agreements are within the purview of the FAA.  See Great Western Mortgage Co. v. Peacock, 110 F.3d 222 (3d Cir. 1997)(appearing to reaffirm Tenney).

     Relying on both Circuit City Stores and Tenney, Defendant asserts that because the FAA applies to collective bargaining agreements and because Plaintiff is a transportation worker, the jurisdictional exclusion in Section 1 of the FAA directs dismissal of Plaintiff's complaint for lack of jurisdiction.  As a full service driver, Defendant submits that Mr. King falls squarely within the exception of Section 1 of the FAA which deprives him of federal jurisdiction pursuant to Circuit City Stores and Tenney, appearing to argue that there is no arbitration enforcement mechanism available to Plaintiff.  Under Defendant's argument, transportation workers who are subject to an agreement to arbitrate would be without remedy if the arbitration award was contested.  The arbitration award would be useless, subverting the incentive to resolve labor disputes through arbitration; a circumstance in direct contravention to the policy favoring arbitration in labor disputes articulated in the Steelworkers' trilogy.

Essentially, Defendant is attempting to use the FAA as a tool to sabotage federal jurisdiction statutorily conferred by the Taft-Hartley Act. While Defendant's argument is clever, it is unavailing. Tenney cannot be read to revoke jurisdiction where the Section 1 exclusion is implicated. Instead, the outcome in Tenney if Section 1 of the FAA was applicable would have resulted in affirming the district court's denial of a stay, as Section 3 of the FAA would not apply. See 207 F.2d at 451 (if plaintiff falls within Section 1, then Section 3 " is not so applicable [and] the action of the district court in denying a stay under it was right.") Nothing in the court's decision in Tenney undermines the federal question jurisdiction conferred in that case by the Taft-Hartley Act. Thus, the Court finds that even though the FAA may not apply due to the Section 1 exclusion in this case, jurisdiction still lies under the Taft-Hartley Act.

Indeed, the Taft-Hartley Act is a source of independent federal question jurisdiction. Textile Workers Union of America, 353 U.S. at 457. In addition, the Supreme Court has considered the relationship of the two statutes as complimentary, rather than exclusionary. For example, the Supreme Court identified the FAA as a potential source of substantive law that courts can use for guidance in fashioning federal law under Section 301. Id. In fact, even where a worker is excluded under Section 1 of the FAA, the Supreme Court instructs that a district court may still look to the FAA for guidance in cases under Section 301. "The Arbitration Act does not apply to "contracts of employment of ... workers engaged in foreign or interstate commerce," 9 U.S.C. § 1, but the federal courts have often looked to the Act for guidance in labor arbitration cases, especially in the wake of the holding that § 301 of the Labor Management Relations Act 1947, 61 Stat. 156, 29 U.S.C. § 185, empowers the federal courts to fashion rules of federal common law to govern "[s]uits for violation of contracts between an employer and a labor organization" under the federal labor laws." Misco, Inc.,

484 U.S. at 40, n.9(construing 29 U.S.C. § 185)(citing <u>Ludwig Honold Mfg. Co. v. Fletcher</u>, 405 F.2d 1123 (CA3 1969); <u>Pietro Scalzitti Co.</u>, 351 F.2d 576). Thus, even where a worker falls within the Section 1 exclusion of the FAA, a claim under the Taft-Hartley Act may still go forward.

The Court finds that jurisdiction in this case is conferred by Section 301 of the L.M.R.A., and that Plaintiff's Complaint competently asserts a claim upon which relief can be granted. As a result, Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6) is denied.

IT IS SO ORDERED on this   20th   day of December 2007.

      /s/ Joseph H. Rodriguez
     Joseph H. Rodriguez,
     UNITED STATES DISTRICT JUDGE